IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARYL STRENKE,

                Plaintiff,                  ORDER

   v.

                                               09-cv-473-slc

CRIME ATTORNEYS, JOHN H. FEINER,
EDWARD D. LERNER, ROBERT ALAN
GLICKMAN,

                Defendants.

---

      Plaintiff Daryl Strenke, an inmate at the Columbia Correctional Institution, has filed a diversity action under 28 U.S.C. § 1332(a). He alleges that defendant Crime Attorneys is a California corporation and that defendants John H. Feiner and Edward D. Lerner are co-owners of the corporation. It appears the amount in controversy is $100,000.

      Plaintiff has paid the filing fee. Although plaintiff is a prisoner, his complaint does not require screening under 28 U.S.C. § 1915A because he is not seeking redress from a governmental entity or officer or employee of a governmental entity. Instead, the next step is for plaintiff to serve his complaint on the defendants.

      Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendants. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendant well before the deadline for doing so established in Rule 4.

      To help plaintiff understand the procedure for serving a complaint on individuals in a federal lawsuit, I am enclosing with this memorandum a copy of document titled "Procedure for Serving a Complaint on Individuals in a Federal Lawsuit." Plaintiff will also need to serve the

corporation Crime Attorneys. To help him understand the procedure for serving a complaint on a corporation I am enclosing with this memorandum a copy of document titled, "Procedure for Serving a Complaint on a Corporation, Partnership or Unincorporated Association in a Federal Lawsuit." In addition, I am enclosing to plaintiff the extra copies of his complaint he sent this court and forms he will need to send to the defendant in accordance with the procedures set out in Option 1 of the procedures.

If defendants refuse to complete and return the waiver service form, plaintiff will have to follow Option 2 in the procedures for serving both the individuals and the corporation. (Should defendants fail without good cause to waive service of a properly served request for waiver of service of a summons, plaintiff could later recoup the costs of formal service under Fed. R. Civ. P. 4(d)(2)(G)). Plaintiff should be aware that whether he obtains the agreement of the defendants to waive service of a summons or serves them personally with a summons and complaint, he must act with diligence to serve his complaint on defendants. If he cannot submit proof of service of his complaint by October 28, this action will be dismissed for his failure to prosecute it unless he can show good cause for his failure to accomplish service.

ORDER

IT IS ORDERED that plaintiff promptly serve the complaint on the defendants and file proof of service of his complaint as soon as service has been accomplished. If, by October 28, 2009, plaintiff fails to submit proof of service of his complaint on the defendants or explain his inability to do so, I will direct plaintiff to show cause why his case should not be dismissed for

2

his failure to prosecute.

Entered this 26th day of August, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge