IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARYL STRENKE,

                Plaintiff,                                    ORDER

        v.                                                 09-cv-473-slc[1]

CRIME ATTORNEYS, JOHN H. FEINER,
EDWARD D. LERNER and
ROBERT ALAN GLICKMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Daryl Strenke, an inmate at the Columbia Correctional Institution, filed this civil action on July 28, 2009, and paid the $350 filing fee. In an order dated August 27, 2009, Magistrate Judge Crocker advised plaintiff that he would be responsible for arranging for service of his complaint on the defendants and provided him with a memorandum describing how to serve his complaint and the forms he needed to accomplish service. Plaintiff was given until October 28, 2009, in which to submit proof of service of his complaint or respond in writing explaining why he had been unable to serve his complaint

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not been filed by all the parties to this action. Therefore, for the purpose of issuing this order, I am assuming jurisdiction over the case.

on the defendants. After plaintiff wrote to the court requesting additional time to locate addresses for the defendants, Judge Crocker entered an order on October 30, 2009, giving plaintiff an extension until December 28, 2009, to submit proof of service in this case. In response to the October 30 order plaintiff has submitted 1) a notice of voluntary dismissal of defendants Lerner and Crime Attorneys; 2) an unsigned document requesting service by the United States Marshal; 3) a letter dated November 25, 2009, requesting issued summons forms; 4) a letter dated December 15, 2009, with documentation of plaintiff's service attempts; and 5) letters dated December 21 and December 28, 2009, explaining plaintiff's attempts to have the United States Marshal serve his complaint.

On December 4, 2009, Pro Se Law Clerk Corinne Hollar responded to plaintiff's November 25 letter, notice of dismissal and request for service by the marshal. In her response, she instructed plaintiff to submit to the court any proof of his service attempts because he had not yet complied with this requirement. In addition, she provided plaintiff issued summonses for defendants Feiner and Glickman and told plaintiff that his unsigned request to have the United States Marshal serve his complaint would not be considered by the court because it violated Fed. R. Civ. P. 11(a).

First, I will address plaintiff's notice of voluntary dismissal of defendants Lerner and Crime Attorneys. Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an action without court order by filing a notice of dismissal before the defendant files an answer or

2

motion for summary judgment. In this case, defendants Lerner and Crime Attorneys have not yet answered or moved for summary judgment. Therefore, by plaintiff's notice, his action against defendants Lerner and Crime Attorneys has been dismissed.

Turning to plaintiff's recent letters, dkt. ##15-17, I understand that plaintiff is having difficulty following the court's instructions on service of his complaint. Although he should understand by now that he must arrange for personal service of defendants Feiner and Glickman because they have not returned waiver of service forms, he persists in attempting to have the United States Marshals Service in California and Georgia serve these defendants. Plaintiff has submitted to the court copies of letters he wrote to the marshals in Savannah, Georgia and Los Angeles, California. In addition, plaintiff has submitted the response he received from the Los Angeles office, stating that they were unable to complete the requested process because the case was not filed in the Central District of California.

As a litigant who has paid the full filing fee and thus is not proceeding in forma pauperis under 28 U.S.C. § 1915, plaintiff is not entitled to have service made by the United States Marshal. Also, because plaintiff has been unsuccessful in obtaining a signed waiver of service form from defendants Feiner and Glickman, he must find a person who is at least 18 years old, not a party to this lawsuit and willing to attempt service on these defendants. He may arrange for service by a sheriff or by a private process server if he cannot find anyone who will do without a fee. To obtain service by a sheriff, plaintiff may write to the deputy

3

sheriffs of the counties in which plaintiff believes the defendants are located and request service of the defendants. He must insure that he includes with each service packet both the issued summons for the appropriate defendant and a copy of the complaint. To assist defendant, I am enclosing newly issued summonses with this order. (As the court told plaintiff in the August 26, 2009 order, plaintiff may later recoup the costs of formal service under Fed. R. Civ. P. 4(d)(2)(G) if the defendants cannot show good cause for their failure to comply with a properly served request for waiver of service of a summons.)

Given the circumstances of this case, I will allow plaintiff one final extension of the deadline to submit proof of service in this case by submitting the affidavit of the deputy sheriff, process server or other person 18 years old or older, who has made service. Fed. R. Civ. P. 4(*l*). Plaintiff will have until February 12, 2010, to submit the required proof of service. His failure to submit proof of service on or before that date will result in a dismissal of this action unless he can show good cause for his failure to meet the deadline. In making that showing, he would have to establish that he worked as diligently and promptly as possible to make service. Time is of the essence.

ORDER

IT IS ORDERED that plaintiff's notice of voluntary dismissal of defendants Lerner and Crime Attorneys is ACCEPTED and these defendants are DISMISSED from the case.

Further, IT IS ORDERED that plaintiff may have until February 12, 2010, in which to submit proof of service of his complaint on defendants Feiner and Glickman.  If, by February 12, 2010, plaintiff fails to submit proof of service or show good cause for his inability to do so, then the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's lack of prosecution.

Entered this 13th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge