IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARYL STRENKE,

              Plaintiff,                           ORDER

    v.

                                          09-cv-473-slc

ROBERT GLICKMAN,

              Defendant.

---

      Plaintiff Daryl Strenke is proceeding in this case on his claim that attorney Robert Glickman, who represented plaintiff in a State of Wisconsin criminal proceeding, breached his contractual duties to plaintiff when he failed to pursue an order from the trial court that would have allowed plaintiff to appeal his case to the Wisconsin Court of Appeals. Defendant has answered.

      Earlier in this lawsuit, plaintiff moved for appointment of counsel. The motion was denied in an order dated April 19, 2010, because at that time plaintiff had not shown that he had made a reasonable effort to find a lawyer on his own, as required by *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992) and because there had not been a finding that plaintiff was indigent and eligible for appointed counsel. Now plaintiff has filed a renewed motion for appointment of counsel, to which he has attached proof that he has contacted several lawyers, all of whom have declined to represent him, as well as another motion asking for the assistance of counsel or a fellow prisoner at the preliminary pretrial conference. In addition, plaintiff has submitted a recent trust fund account statement, which shows that plaintiff receives average monthly deposits of approximately $62.12, clearly not enough income to afford representation. Even though plaintiff has now complied with these precursory requirements, this case has not progressed sufficiently to allow me to determine the complexity of the issues and plaintiff's competence to prosecute his case, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007), so I will deny his motions.

As a starting point, this court would appoint a lawyer to almost every pro se plaintiff if lawyers were available to take these cases. But they are not. Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court cannot make them. Congress has appropriated finds for court-appointed counsel in criminal cases but it has not appropriated any funds for court-appointed counsel in civil cases like this one. Lawyers who accept appointments to represent pro se plaintiffs in civil cases can obtain compensation for their services only if they are successful and even then, the compensation may fall short of their time and effort. So the court only appoints counsel in cases where there is a demonstrated need, using the appropriate legal test.

In his motion, plaintiff says he requires the assistance of a lawyer because he has limited access to the law library and limited knowledge of the law and has medical conditions that render him blind in one eye and cosmetic disfigurements which cause others to have a difficult time understanding plaintiff when he speaks.

Regarding his limited legal knowledge, plaintiff should know that he is in the same position as most other pro se litigants, almost none of which have legal training of any kind. However, the facts of the case are within plaintiff's personal knowledge, and the preliminary pretrial order will instruct plaintiff about how to use discovery techniques available to all litigants so that he can gather the evidence he needs to prove his claim. Also, the preliminary pretrial order will set forth deadlines and include a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, which were written for the very purpose of helping pro se litigants understand how these matters work.

Turning to plaintiff's argument that his medical condition necessitates appointment of counsel in this case, although it is unfortunate that plaintiff must cope with these ailments, he has not explained how the conditions affect his ability to litigate this case at the current stage. Plaintiff's submissions have been legible and he does not suggest that he has any impairment or

condition that prevents him from reading and understanding defendant's submissions or this court's orders. He should be able to obtain discovery via written requests.

To the extent plaintiff believes he needs assistance to be understood at the preliminary pretrial conference, it is unnecessary to hold a telephonic conference. Instead, I will send the preliminary pretrial order to the parties.

In denying plaintiff's motions, I stress that the rulings reflect my assessment of plaintiff's ability to prosecute the case at its current stage only; if at some point plaintiff's medical condition keeps him from litigating the case, he should renew his motion for the appointment of counsel. Certainly should the case proceed to trial, plaintiff's difficulty in communicating verbally may necessitate the appointment of counsel.

## ORDER

IT IS ORDERED that

1. Plaintiff's second motion for appointment of counsel, dkt. 42, is DENIED without prejudice.

2. Plaintiff's motion for assistance at the preliminary pretrial conference, dkt. 44, is DENIED as moot.

Entered this 4th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3